UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD JEROME BROWN,

       Petitioner,

v.                                                 Case Number: 2:09-cv-13520
                                                   Honorable Denise Page Hood

GREGORY MCQUIGGIN,

       Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

      This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. On August 19, 2011, the Court denied Petitioner's Habeas Petition and declined to issue a Certificate of Appealability. *Brown v. McQuiggin*, No. 2:09-cv-13520 (E.D. Mich. Aug. 19, 2011). Pending before the Court is Petitioner's Motion for Reconsideration, filed August 30, 2011. For the reasons that follow, the Motion is denied.

I.

      Petitioner filed his Habeas Petition on September 4, 2009, challenging the constitutionality of his 1988 convictions for second-degree murder, assault with intent to commit murder, and felony firearm. He is serving a parolable life sentence for the murder conviction, twenty to forty years for the assault conviction, and the mandatory two-year prison term for the felony-firearm conviction. In his Habeas Petition, Petitioner alleged that he was denied a fair trial when the trial court improperly instructed the jury regarding the essential intent element of the assault charge and failed to comply with the essential procedural safeguards when sentencing him.

In this Motion, Petitioner alleges that the Court "decided a sentencing issue completely different from the sentencing claim actually presented in Petitioner's habeas corpus petition." Mot. 2.

## II.

Pursuant to this Court's Local Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3).

In the pending Motion, Petitioner claims that the Court failed to properly consider his sentencing claim in that "he has been deprived of his Federal due process rights where the Michigan sentencing court did not follow basic procedures required by State law when imposing the sentences." Mot. 3. He contends he was deprived of his due process rights because the trial judge failed to articulate in the record the reasons for the sentence imposed. The fact that the trial judge allegedly failed to articulate the reasons for his sentence in violation of Michigan Court Rule 6.425(D)(2)(e) and Michigan case law is not itself a basis for habeas-corpus relief. *Koras v. Robinson*, 123 F.App'x 207, 214 (6th Cir. 2005). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or

2

procedure. *See Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988); *accord Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("federal courts can not review a state's alleged failure to adhere to its own sentencing procedures"). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508 (citation omitted).

In its Opinion and Order, the Court, in addressing Petitioner's sentencing claim, found that it was not cognizable on habeas review. Taking into consideration Petitioner's argument in his Motion, any palpable defect in the Court's Opinion would not change the disposition of the case. Whether the Court analyzed Petitioner's claim as it did or whether it were to analyze the claim as stated in his Motion, the outcome would be the same. Petitioner is not entitled to habeas relief because the allegation that the trial court violated a state procedural law is a state-law claim. To the extent that Petitioner claims that the trial court violated his due process rights because he failed to articulate the criteria he considered in determining his sentence, whether it was within the guideline range or exceeded the guideline range, Petitioner's claim is non-cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).

The Court concludes that Petitioner has failed to demonstrate any palpable defect that misled this Court or the parties. He cannot establish that there is any defect that, if cured, would change this Court's disposition of the case. Pursuant to Local Rule 7.1(h)(3), Petitioner's Motion for Reconsideration must be DENIED.

3

### III.

Accordingly,

IT IS ORDERED that the Petitioner's Motion for Reconsideration [Docket No. 20] is DENIED.

                S/Denise Page Hood
                Denise Page Hood
                United States District Judge

Dated:  February 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2012, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager