UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD JEROME BROWN,

      Petitioner,

                          Civil Action Number: 2:09-cv-13520

v.

                          HONORABLE DENISE PAGE HOOD

GREGORY MCQUIGGIN,

      Respondent.

_____/

## OPINION AND ORDER GRANTING
## PETITIONER'S MOTION TO REOPEN TIME TO FILE APPEAL

This 28 U.S.C. § 2254 matter is before the Court on Petitioner Reginald Brown's motion to reopen time for appeal.  Pet'r Mot. to Reopen Time to File Appeal, ECF No. 23. For the reasons stated, the Court will grant the motion.

### I. BACKGROUND

On September 4, 2009, Brown filed a *pro se* petition for a writ of habeas corpus, challenging the validity of his 1988 convictions for second-degree murder, assault with intent to commit murder, and felony firearm, following a jury trial in the Circuit Court in Wayne County, Michigan.  Respondent filed his answer and the Rule 5 materials, on November 16, 2009, and November 23, 2009, respectively.  Brown filed his reply on January 4, 2010.  Brown then retained an attorney.  Counsel filed an appearance on February 22, 2011, and, on April 28, 2011, he filed a motion for partial summary judgment.

Subsequently, on August 19, 2011, the Court entered an opinion and order denying Brown's habeas petition and declined to issue a certificate of appealability.  *Brown v. McQuiggin*, No. 2:09-cv-13520 (E.D. Mich. Aug. 19, 2011), ECF No. 18.  An accompanying

judgment was entered the same day. Judgment, ECF No. 19. Pursuant to the Court's opinion and order and judgment, copies were mailed to the attorney of record. *Id.*

On August 30, 2011, Brown's counsel filed a timely motion for reconsideration, pursuant to Local Rule 7.1(h)(1), which states that "[a] motion for rehearing or reconsideration must be filled within 14 days after entry of the judgment or order". E.D.Mich. LR 7.1(h)(1). The Court denied the motion on February 29, 2012. *Brown v. McQuiggin*, No. 2: 09-cv-13520, 2012 WL 662165 (E.D. Mich. Feb. 29, 2012).

Brown's counsel has now filed a motion to reopen the time to file an appeal from the Court's opinion and order. Counsel states that he never received actual notice of the Court's order denying the motion for reconsideration. He states that he called the Court's personnel on several occasions, before the Court issued its order, and wrote a letter to the Court, inquiring as to the status of the motion, and was informed that the motion was pending, which was correct. Counsel implies that the Court's e-filing system shows that he never received notice of the order. He further states that, on June 19, 2012, he sent another letter of inquiry to the Court and, it was not until then that he received notice of the February 29, 2012 order denying the motion for reconsideration. Counsel has submitted supporting documentation. Respondent has not filed a response to the motion.

## II. DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Dep't of Corr. of Ill.*, 434

U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives

2

an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

Federal Rule of Appellate Procedure 4(a)(4)(A) states that if a party timely files a motion for reconsideration, "the time to file an appeal runs from the entry of the order disposing of the last such remaining motion." In this case, Brown's counsel filed a timely motion for reconsideration and thus the time for filing an appeal began thirty days after the Court entered its judgment, on February 29, 2012. Brown's notice of appeal should have been filed by March 30, 2012. It was not.

However, Federal Rule of Appellate Procedure 4(a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) that party shows excusable neglect or good cause.

Brown is not entitled to an extension of time to file an appeal based upon Federal Rule of Appellate Procedure 4(a)(5)(A), because he has moved for an extension of time to file an appeal more than thirty days after the original period to file a notice of appeal had expired.

Nonetheless, Federal Rule of Appellate Procedure 4(a)(6) allows this Court to, under certain circumstances, to reopen the time to file an appeal. The Rule specifically contemplates the factual scenario which Brown suggest is at issue here–a party who does not receive formal notice of an entry. *See* Fed. R. App. P. 4(a)(6); *see also* Advisory Committee Note to 1991 Amendment to Fed. R. App. P. 4 ("The amendment provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, . . . is either not received by a party or is received so late as to impair the opportunity

3

to file a timely notice of appeal."). The Rule " 'is intended to reduce substantially the risk that any opportunity to appeal will be forfeited by failure to receive notice of the entry of judgment.'" *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007) (quoting 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3950.6 (3d ed.1998)). But the Rule does not eliminate the risk that the opportunity to file an appeal will be forfeited when a party does not receive notice. The Rule is intended to preserve a balance: "Rule 4(a)(6)'s limited opportunity to reopen the time for appeal [is] one that 'balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments.'" *Bowles v. Russell*, 432 F.3d 668, 673 (6th Cir. 2005), *aff'd* 551 U.S. 205 (2006) (quoting *Vencor Hosp., Inc. v. Standard Life and Acc. Ins. Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002)). The balance is preserved, in part, by temporally limiting this Court's authority to reopen the time to file an appeal, even in the absence of notice.

The Rule indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107.

Federal Rule of Appellate Procedure 4(a)(6) is the exclusive remedy for reopening

4

the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles*, 432 F.3d at 672. A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001).

In the absence of a response, the Court will accept Brown's claim that he never received a copy of the opinion and order denying the motion for reconsideration until June 19, 2012, after the Court's case manager contacted his counsel's office. The Court finds that Brown has satisfied all three conditions of Federal Rule of Appellate Procedure 4(a)(6), and will grant his motion. Brown's counsel did not receive proper notice under Rule 77(d), the present motion was filed within fourteen days after counsel received notification of the order, and the Court finds that no party would be prejudiced by granting his motion.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the motion to reopen time to file appeal is GRANTED. Brown has fourteen days from the date of this order in which to file a notice of appeal.

S/Denise Page Hood
United States District Judge

Dated: July 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 24, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager