UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD JEROME BROWN,

       Petitioner,

                                                                Case Number: 2:09-cv-13520
v.                                                Honorable Denise Page Hood

GREGORY MCQUIGGIN,

       Respondent.
_____/

**OPINION AND ORDER TRANSFERRING PETITIONER'S MOTION
FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS
AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION**

**I. Introduction**

Petitioner Reginald Jerome Brown, a state prisoner in Kincheloe, Michigan, commenced this action in 2009 by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenged Petitioner's 1988 state convictions for second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner is serving a paroleable life sentence for the murder conviction, a concurrent sentence of twenty to forty years in prison for the assault conviction, and a consecutive sentence of two years in prison for the felony-firearm conviction.

In his habeas petition, Petitioner alleged as grounds for relief that the trial court (1) improperly instructed the jury on the element of intent and (2) failed to comply with essential procedural safeguards when sentencing him. On August 19, 2011, the Court

denied the petition on the merits and declined to issue a certificate of appealability. On April 4, 2013, the United States Court of Appeals for the Sixth Circuit likewise denied a certificate of appealability. See Brown v. McQuiggin, No. 12-1994 (6th Cir. Apr. 4, 2013). Now pending before the Court is Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4).

## II.  Analysis

Federal Rule of Civil Procedure 60(b) permits a federal court to relieve a party from a final judgment under a limited set of circumstances and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Petitioner seeks relief from judgment under Rule 60(b)(4), which authorizes courts to grant relief from judgment when the judgment is void. Petitioner contends that this Court's judgment is void because the state district court failed to appoint counsel for him at his initial arraignment in state court on October 15, 1987. Petitioner argues that, because his Sixth Amendment right to counsel was violated, the state court lacked jurisdiction to proceed with his case. He seeks immediate release from custody.

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court stated that, "[i]n some instances, a Rule 60(b) motion will contain one or more 'claims,' " and that "[a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." Id. at 530-31. "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion –  circumvents [the

2

statutory] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2)." *Id.* at 531.[1] Consequently, courts must determine whether a Rule 60(b) motion asserts a new claim.

A motion that attacks "some defect in the integrity of the federal habeas proceedings" does not advance a "claim." *Id.* at 532. But, contrary to what Petitioner alleges, he is not attacking some defect in the habeas proceeding. Instead, he is raising a new ground for relief based on what occurred in state court. As such, his motion advances a "claim" and qualifies as a second or successive habeas petition. *Id.*; *see also Loggins v. Hannigan*, 461 F. App'x 712, 713 (10th Cir. 2012) (stating that "[a] prisoner's post-judgment filing (however entitled) should be treated like a second or successive § 2254 application . . . if it asserts or reasserts claims of error in the

---

[1] Section 2244(b)(2) reads:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

prisoner's conviction"); *United States v. Estrada*, 162 F. App'x 359, 360 (5th Cir. 2006) (concluding that a federal prisoner's challenge to the constitutionality of his federal sentence under either Rule 60(b)(2) or 60(b)(4) was properly classified as an attempt to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255).

A petitioner who wishes to file a "second or successive" habeas corpus petition must ask "the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[2] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas petition. Accordingly, the Court orders the Clerk of the Court to transfer Petitioner's Motion for Relief from Judgment to the Sixth Circuit Court of Appeals for a determination of whether this Court may consider Petitioner's underlying claim about the alleged lack of counsel at his initial arraignment.

Dated: January 7, 2016
s/Denise P. Hood
HON. DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

---

[2]    This statute reads:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.